# EXHIBIT A

1 | Alexander G. van Broek (State Bar No. 103891)
LAW OFFICE OF ALEXANDER G. van BROEK
2 | One Kaiser Plaza, Suite 1750
Oakland, CA 94612-3613
3 | Telephone: (510) 835-2322
Facsimile: (510) 835-2333
4 |
Attorney for Plaintiffs
5 | RICHARD V. MARTINEZ
RUSS LUTZ
6 |
7 |
8 |          IN THE SUPERIOR COURT OF CALIFORNIA (UNLIMITED)
9 |          IN THE COUNTY OF ALAMEDA, SOUTHERN DIVISION
          24405 Amador Street, Hayward, CA, 94544
10 |
11 |

| | |
|---|---|
| 12  RICHARD V. MARTINEZ and RUSS LUTZ, on their own behalf, on 13  behalf of all others similarly situated, and on behalf of the 14  general public, | CASE NO. _____<br><br>OTHER CIVIL COMPLAINT<br><br>COMPLAINT FOR DAMAGES, RESTITUTION, AND OTHER INJUNCTIVE AND EQUITABLE RELIEF |
| 15          Plaintiffs, | |
| 16    vs. | 1. Unpaid Earnings in violation of Labor Code. |
| 17  PENHALL COMPANY, a California corporation; and DOES 1 through 18  50, Inclusive | 2. Unlawful Uniform Deduction in violation of IWO.<br>3. Unfair Business Practice B & P Code, §§ 17200 |
| 19          Defendants. | |

20 |
21 |     Come now Plaintiffs RICHARD V. MARTINEZ and RUSS LUTZ

22 | (hereinafter referred to as "Plaintiffs") who allege claims against

23 | PENHALL COMPANY and other as of yet unnamed defendants, for unfair,

24 | unlawful and deceptive business practices and violations of the

25 | California Labor Code.  Plaintiffs allege that the defendants failed

26 | to pay the plaintiffs and other hourly non-exempt workers correct

27 | correct regular and overtime wages, and unlawfully deducted from

28 | compensation a fee for uniform maintenance.  Plaintiffs seek

                                                             Page 1

COMPLAINT FOR DAMAGES, RESTITUTION,
AND OTHER INJUNCTIVE AND EQUITABLE RELIEF

1  damages, restitution, preliminary and permanent injunctive relief,
2  statutory remedies, attorneys' fees, statutory interest, and costs
3  of suit.

4      These alleged employment practices are unlawful, contrary to
5  the public policy of the state of California and the United States
6  of America, and violate federal and state statutes, including
7  California's Unfair Competition Law. [Cal. Bus. & Profs. Code, §§
8  17200, *et seq.* (hereinafter "§§ 17200".)]  Under §§ 17200, an
9  injunctive remedy is available to a private party, namely any
10 interested person, who need not be personally injured or aggrieved.

11                    JURISDICTION AND VENUE

12     1.  This Court has jurisdiction over the claims alleged
13 herein pursuant to California common law; Cal. Bus. & Profs. Code,
14 §§ 17200, *et seq.*; §§ 18, 200, 201, 202, 203, 218.5, 218.6, 510,
15 514, 558, 1194, and 1198, of the California Labor Code; and
16 Industrial Welfare Commission Wage Orders Nos. 1-2000, 1-2001.
17 Pursuant to Civil Code of Procedure, §§ 395 and 395.5 this Court has
18 jurisdiction because defendant PENHALL COMPANY's place of business
19 is in the County of Alameda, and because the contacts, whether real
20 or implied, were made and performed in the County of Alameda, and
21 defendants' liability arises, pursuant to the employment of
22 plaintiff in the County of Alameda.  The relief requested is within
23 the jurisdiction of this Court.

24     2.  Venue is proper in Alameda County, Northern Division,
25 because defendants conduct their business therein, and because the
26 employment of plaintiffs was carried out therein.

27                   DEMAND FOR JURY TRIAL

28     3.  Plaintiffs hereby demand a jury trial of these

COMPLAINT FOR DAMAGES, RESTITUTION,
AND OTHER INJUNCTIVE AND EQUITABLE RELIEF

1  matters, except those matters that must be heard before a judge.

2                                    PARTIES

3            4.  Named plaintiff RICHARD V. MARTINEZ is and was

4  employed by defendants during the time pertinent to this Complaint.

5            5.  Named plaintiff RUSS LUTZ is and was employed by

6  defendants during the time pertinent to this Complaint.

7            6.  Plaintiffs are informed and believe and on such ground

8  allege that at all times herein mentioned defendant PENHALL COMPANY

9  has been a California corporation doing business throughout

10 California and in Alameda County, and which is a "person" as defined

11 in Labor Code, § 18.  In addition, it has been an "employer" as that

12 term is used in the California Labor Code, and the California

13 Industrial Welfare Commission's Orders Nos, 1-2000, and 1-2001

14 regulating wages, hours, and working conditions of its hourly

15 nonexempt employees.

16           7.  Plaintiffs do not know the true names and capacities,

17 whether individual, partners or corporate, or otherwise, of the

18 defendants sued as DOES 1 through 50, inclusive, and for that reason

19 said defendants are sued herein under such fictitious names, and

20 Plaintiffs pray leave to amend this Complaint when the true names

21 and capacities are known.  Plaintiffs are informed and believe, and

22 thereupon allege that DOES 1 through 50 are responsible,

23 individually and collectively, for the injuries to plaintiff alleged

24 herein.  Plaintiffs will amend this Complaint to add the true names

25 of DOES 1 through 50 upon learning their actual identities.

26           8.  Plaintiffs are informed and believe and thereupon

27 allege that at all times material herein each of the DOE defendants

28 was and is an agent, employee or representative of a named

                                                              Page 3

COMPLAINT FOR DAMAGES, RESTITUTION,
AND OTHER INJUNCTIVE AND EQUITABLE RELIEF

1 defendant, and, except as otherwise alleged herein, that each was
2 acting within the course, scope and authority of said relationship.

3          9.   Except as otherwise stated herein, at all times herein
4 mentioned, each of DOE defendants participated in the doing of the
5 acts herein alleged to have been done by the named defendant, and
6 furthermore, the DOE defendants, and each of them, were the agents,
7 servants and employees of each of the other defendants, as well as
8 the agents of the other defendants, and at all times herein
9 mentioned were acting within the course and scope of said agency and
10 employment.

11          10.  Except as otherwise stated herein, at all times
12 herein mentioned, defendants, and each of them, were members of, and
13 engaged in, a joint venture and common enterprise and acted within
14 the course and scope of and in the pursuance of said joint venture
15 and enterprise.

16          11.  Except as otherwise stated herein, at all times
17 herein mentioned, the acts and omissions of the various defendants,
18 and each of them, concurred and contributed to the various acts and
19 omissions of each and all of the other defendants in proximately
20 causing the injuries and damages as herein alleged.

21          12.  Except as otherwise stated herein, at all times
22 herein mentioned, defendants, and each of them, ratified each and
23 every act or omission complained of herein.

24          13.  During the time pertinent to this Complaint,
25 defendants were in the business of providing construction services
26 and Plaintiffs provided construction services.

27 //
28 //

COMPLAINT FOR DAMAGES, RESTITUTION,
AND OTHER INJUNCTIVE AND EQUITABLE RELIEF

## FIRST CAUSE OF ACTION
(By Plaintiffs individually.  Failure to pay
Wages Required. IWC Wage Orders 1-1998, 1-2000,
and 1-2002, and Labor Code, § 1198)

14.  Plaintiffs incorporate by reference the allegations above contained in Paragraphs 1 through 13, inclusive, as if fully set forth here.

15.  Plaintiffs were paid approximately $22.64 per hour. In the course and scope of their work plaintiffs drove a company truck to and from job sites, and the time spent on this work was called travel time.  On some occasions plaintiffs were not paid for travel time at all.  On other occasions plaintiffs were paid for travel time at a lower rate of pay (10, 11 or 12 dollars per hour).

16.  During the time pertinent to this Complaint plaintiffs were employed by defendants and on the occasion at the instance and request of defendants worked varying numbers of hours per week.

17.  Plaintiffs were primarily compensated on an hourly basis.

18.  During the entire time period pertinent to this complaint, plaintiffs performed nonexempt work more than fifty percent of their work time.

19.  The IWC Wage Orders applied to plaintiffs' employment at all times relevant herein.

20.  At all time relevant to this complaint § 2(H) of the Industrial Welfare Commission Orders applicable to plaintiffs provided:

"Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or

COMPLAINT FOR DAMAGES, RESTITUTION,
AND OTHER INJUNCTIVE AND EQUITABLE RELIEF

1    not required to do so.

2         21.  The Plaintiffs are likely to have evidentiary

3  support, after research and reasonable opportunity for further

4  investigation and discovery to allege that defendants maintained a

5  payroll system that did not accurately capture the hours worked by

6  appropriate rate of pay, did not always account for travel time, and

7  did not correctly calculate earnings in violation of Labor Code, §

8  1198, California Code of Regulations (IWC Wage Order Nos. 1-1998, 1-

9  2000, and 1-2001), and the guidelines set forth by the IWC.

10        22.  Labor Code, § 218.5 provides as follows:

11   In any action brought for the nonpayment of wages, fringe
     benefits, or health and welfare or pension fund contributions,
12   the court shall award reasonable attorney's fees and costs to
     the prevailing party if any party to the action requests
13   attorney's fees and costs upon the initiation of the action.
     This section shall not apply to an action brought by the Labor
14   Commissioner. This section shall not apply to a surety issuing
     a bond pursuant to Chapter 9 (commencing with Section 7000) of
15   Division 3 of the Business and Professions Code or to an action
     to enforce a mechanics lien brought under Chapter 2 (commencing
16   with Section 3109) of Title 15 of Part 4 of Division 3 of the
     Civil Code. This section does not apply to any action for which
17   attorney's fees are recoverable under Section 1194.

18        23.  Labor Code, § 218.6 provides:

19   In any action brought for the nonpayment of wages, the court
     shall award interest on all due and unpaid wages at the rate of
20   interest specified in subdivision (b) of Section 3289 of the
     Civil Code, which shall accrue from the date that the wages
21   were due and payable as provided in Part 1 (commencing with
     Section 200) of Division 2.

22

23        24.  Labor Code, § 510 provides:

24   (a) Eight hours of labor constitutes a day's work. Any work in
     excess of eight hours in one workday and any work in excess of
25   40 hours in any one workweek and the first eight hours worked
     on the seventh day of work in any one workweek shall be
26   compensated at the rate of no less than one and one-half times
     the regular rate of pay for an employee. Any work in excess of
27   12 hours in one day shall be compensated at the rate of no less
     than twice the regular rate of pay for an employee. In
28   addition, any work in excess of eight hours on any seventh day

                                                          Page 6

1    of a workweek shall be compensated at the rate of no less than
     twice the regular rate of pay of an employee. Nothing in this
2    section requires an employer to combine more than one rate of
     overtime compensation in order to calculate the amount to be
3    paid to an employee for any hour of overtime work. The
     requirements of this section do not apply to the payment of
4    overtime compensation to an employee working pursuant to any of
     the following: (1) An alternative workweek schedule adopted
5    pursuant to Section 511. (2) An alternative workweek schedule
     adopted pursuant to a collective bargaining agreement pursuant
6    to Section 514. (3) An alternative workweek schedule to which
     this chapter is inapplicable pursuant to Section 554. (b) Time
7    spent commuting to and from the first place at which an
     employee's presence is required by the employer shall not be
8    considered to be a part of a day's work, when the employee
     commutes in a vehicle that is owned, leased, or subsidized by
9    the employer and is used for the purpose of ridesharing, as
     defined in Section 522 of the Vehicle Code. (c) This section
10   does not affect, change, or limit an employer's liability under
     the workers' compensation law.

11

12        25.    Labor Code, § 514 provides:

13   Sections 510 and 511 do not apply to an employee covered by a
     valid collective bargaining agreement if the agreement
14   expressly provides for the wages, hours of work, and working
     conditions of the employees, and if the agreement provides
15   premium wage rates for all overtime hours worked and a regular
     hourly rate of pay for those employees of not less than 30
16   percent more than the state minimum wage.

17        26.    Plaintiffs were party to a collective bargaining

18   agreement between defendants and a labor union of which plaintiff is

19   a member, but that collective bargaining agreement is entirely

20   irrelevant to this matter and this matter may be adjudicated without

21   interpretation of the collective bargaining agreement.  Defendants

22   fail to qualify for the exception set forth in Labor Code Section

23   514 because defendants failed to pay "premium wage rates" for

24   overtime work, since defendants paid different hourly rates for

25   different types of work but failed to calculate a true and correct

26   weighted Regular Rate of Pay.  For example, during 2002, plaintiff

27   Richard V. Martinez, was paid $12.00 per hour for travel time and

28   $22.64 per hour for performing drilling work.  In some weeks

COMPLAINT FOR DAMAGES, RESTITUTION,
AND OTHER INJUNCTIVE AND EQUITABLE RELIEF

1 plaintiff worked 8 hours per day performing drilling and 2 hours per

2 day for travel.  Defendants lumped together the 2 hours per day of

3 travel time as being the 10 hours of overtime for the week.

4 Defendants incorrectly assumed a Regular Rate of Pay of $12.00 per

5 hour, and paid overtime of $18.00 per hour for those 10 hours.  This

6 was incorrect.  Plaintiff's correct Regular Rate of Pay should have

7 been calculated as the weighted average of 40 hours at $22.64 per

8 hour and 10 hours at $12.00 per hour, which equals a Regular Rate of

9 Pay of $20.51 per hour for the work week.  Since defendants paid a

10 premium of only $18.00 per hour for overtime, which is less than

11 plaintiff's Regular Rate of Pay of $20.51 per hour, defendants

12 failed to pay "premium wage rates" as required by Section 514, and

13 therefore fail to qualify for that exemption from the overtime laws.

14          27.  Labor Code, § 558 provides:

15     (a) Any employer or other person acting on behalf of an
       employer who violates, or causes to be violated, a section of
16     this chapter or any provision regulating hours and days of work
       in any order of the Industrial Welfare Commission shall be
17     subject to a civil penalty as follows: (1) For any initial
       violation, fifty dollars ($50) for each underpaid employee for
18     each pay period for which the employee was underpaid in
       addition to an amount sufficient to recover underpaid wages.
19     (2) For each subsequent violation, one hundred dollars ($100)
       for each underpaid employee for each pay period for which the
20     employee was underpaid in addition to an amount sufficient to
       recover underpaid wages. (3) Wages recovered pursuant to this
21     section shall be paid to the affected employee.

22     (b) If upon inspection or investigation the Labor Commissioner
       determines that a person had paid or caused to be paid a wage
23     for overtime work in violation of any provision of this
       chapter, or any provision regulating hours and days of work in
24     any order of the Industrial Welfare Commission, the Labor
       Commissioner may issue a citation. The procedures for issuing,
25     contesting, and enforcing judgments for citations or civil
       penalties issued by the Labor Commissioner for a violation of
26     this chapter shall be the same as those set out in Section
       1197.1.
27
       (c) The civil penalties provided for in this section are in
28     addition to any other civil or criminal penalty provided by

COMPLAINT FOR DAMAGES, RESTITUTION,
AND OTHER INJUNCTIVE AND EQUITABLE RELIEF

1   law.

2       28.   Labor Code, § 1194 provides:

3   (a) Notwithstanding any agreement to work for a lesser wage,
    any employee receiving less than the legal minimum wage or the
4   legal overtime compensation applicable to the employee is
    entitled to recover in a civil action the unpaid balance of the
5   full amount of this minimum wage or overtime compensation,
    including interest thereon, reasonable attorney's fees, and
6   costs of suit.

7   (b) The amendments made to this section by Chapter 825 of the
    Statutes of 1991 shall apply only to civil actions commenced on
8   or after January 1, 1992.

9       29.   Pursuant to Labor Code, § 1198, it is unlawful to

10  employ persons for longer that the hours set forth by the Industrial

11  Welfare Commission or under conditions prohibited by the applicable

12  IWC Wage Orders

13      30.   During the time pertinent to this Complaint

14  plaintiffs were employed by defendants and on the occasion at the

15  instance and request of defendants worked hours in excess of eight

16  hours per day and/or forty hours per week.

17      31.   Defendants required plaintiffs to work hours in

18  excess of eight hours per day and/or forty hours per week.

19      32.   Defendants permitted and suffered plaintiffs to work

20  hours in excess of eight hours per day and/or forty hours per week.

21      33.   Plaintiffs are informed and believe and thereupon

22  allege that from the dates they were hired defendants failed to pay

23  plaintiffs correctly for all of their regular hours of work and/or

24  all of their overtime hours of work.

25      A.   At all time relevant to this complaint, prior to

26  January 1, 1998, and after January 1, 2000 until the date of filing

27  this Complaint, the IWC Wage Order Nos. 1-1998, 1-2000 and 1-2001

28  provided:

COMPLAINT FOR DAMAGES, RESTITUTION,
AND OTHER INJUNCTIVE AND EQUITABLE RELIEF

Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(1) One and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any workday; and for the first eight (8) hours worked on the seventh (7th) day of work; and

(2) Double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any workweek.

34.   Effective January 1, 1998 until January 1, 2000, the IWC Wage Order No. 1-1998 provided that employees must be compensated at a rate of one-and-one half the regular rate for all hours exceeding 40 in any week.  During that time, the IWC Wage Orders provided as follows:

No employee eighteen (18) years of age or over shall be employed more than forty (40) hours in any workweek unless the employee receives one and one-half (1½) times such employee's regular rate of pay for all hours worked over forty (40) hours in the workweek.

35.   At all time relevant to this complaint, effective January 1, 2000, Labor Code, § 510 was amended to provide:

(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half-times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of any workweek shall be compensated at the rate of no less than twice the regular rate of pay of any employee. . . .

36.   IWC Wage Order No. 1-1998, in effect between January 1, 1998 and December 31, 1999, provided that an employee must be compensated at not less than one-and-one-half times the employee's regular rate for all hours worked in excess of forty in one week.

37.   IWC Wage Order No. 1-2000 provides that employees

COMPLAINT FOR DAMAGES, RESTITUTION,
AND OTHER INJUNCTIVE AND EQUITABLE RELIEF

1 must be compensated at the rate of one-and-one half the regular rate

2 for all hours exceeding 40 in any week and for all hours exceeding 8

3 in one day.  IWC Wage Order No. 1-2000 also requires that an

4 employee be paid double the regular rate for all hours worked in

5 excess of 12 in one day and for all hours in excess of 8 on the

6 seventh consecutive day of work.

7    38.  By failing to pay for all of Plaintiffs' regular

8 hours of work and/or all of Plaintiff's overtime hours of work,

9 Defendants have violated IWC Wage Orders Nos. 1-1998, 1-2000, 1-

10 2001.

11    39.  Pursuant to Labor Code, §§ 218.5 and 218.6,

12 plaintiffs are entitled to statutory interest on the unpaid

13 compensation, and reasonable attorneys' fees and costs in an amount

14 to be proven at trial, and waiting time penalties to any terminated

15 plaintiff as provided by Labor Code Section 203, according to proof,

16 and penalties for recording keeping violations provided in Labor

17 Code Section 226.3, et seq.

18    WHEREFORE, plaintiffs request relief as hereinafter provided.

19                    **SECOND CAUSE OF ACTION**
                    (By Plaintiffs individually.
20            Unlawful Deduction For Uniform Cleaning --
              IWC Wage Order Nos. 1-1998, 1-2000, 1-2001)

21

22    40.  Plaintiffs incorporates by reference the allegations

23 above contained in Paragraphs 1 through 13, inclusive, as if fully

24 set forth here.

25    41.  The IWC Wage Order applicable to plaintiffs

26 provides, in pertinent part:

27    Section 9.  Uniforms and Equipment

28    (A) When uniforms are required by the employer to be worn by

                                                    Page 11

COMPLAINT FOR DAMAGES, RESTITUTION,
AND OTHER INJUNCTIVE AND EQUITABLE RELIEF

1   the employee as a condition of employment, such uniforms shall
    be provided and maintained by the employer. The term "uniform"
2   includes wearing apparel and accessories of distinctive design
    or color.  NOTE: This section shall not apply to protective
3   apparel regulated by the Occupational Safety and Health
    Standards Board.

4          42.  Defendant has required plaintiffs to wear a uniform,

5   consisting of distinctive pants and a distinctive shirt bearing

6   plaintiff's name.

7          43.  Defendant has charged plaintiffs for cleaning their

8   uniforms by deducting $6.50 from each pay check with the explanation

9   "uniforms."

10         44.  Said deductions from plaintiffs' pay check are in

11  violation of the applicable Industrial Wage Order and are therefore

12  are improper deductions from plaintiffs' compensation.  Accordingly,

13  Defendant must return to plaintiffs all of the wage payments

14  unlawfully deducted from plaintiffs' pay check.

15         45.  Pursuant to Labor Code, §§ 218.5 and 218.6,

16  plaintiffs are also entitled to statutory interest on the unpaid

17  compensation, and reasonable attorneys' fees and costs in an amount

18  to be proven at trial, and penalties for recording keeping

19  violations provided in Labor Code Section 226.3, et seq.

20     WHEREFORE, plaintiffs request relief as hereinafter provided.

21

22                    **THIRD CAUSE OF ACTION**
           (By Plaintiffs individually, and acting for the
23  interest of the general public.  Injunctive Relief Under
           Business and Professions Code, §§ 17200, et seq.)
24

25         46.  Plaintiff incorporates by reference the allegations

26  above contained in Paragraphs 1 through 13, inclusive, and

27  Paragraphs 15 through 39, inclusive, and Paragraphs 41 through 45,

28  inclusive, as if fully set forth here as the predicate violations

                                                    Page 12

COMPLAINT FOR DAMAGES, RESTITUTION,
AND OTHER INJUNCTIVE AND EQUITABLE RELIEF

1  supporting the claims for unfair business practices.

2        47.   Named Plaintiffs bring this representative action on

3  behalf of themselves those who are similarly situated and on behalf

4  of the people of the state of California.   They sue as individuals

5  acting for the interest of the general public.

6        48.   Defendants, each of them, are "persons" as defined

7  under Business and Professions Code, § 17021.

8        49.   Each of the directors, officers, and/or agents of

9  defendants are equally responsible for the acts of the other

10 directors, officers, employees and/or agents as set forth in

11 Business and Professions Code, § 17095.

12       50.   Defendants have developed, maintained and operate a

13 business known as PENHALL COMPANY in California which provides a

14 construction services and other things of value as defined in

15 Business and Processions Code, §§ 17022 and 17024.

16       51.   At all times material to this action, the defendants'

17 conduct as described herein has violated IWC Wage Orders and

18 California Labor Code provisions providing for the payment of hourly

19 wages for all hours worked; mandating that employers pay overtime

20 premiums for hours worked in excess of 8 in one day or over 40 in

21 one week; and prohibiting employers from requiring that employees

22 pay for the cost of cleaning uniforms that the employees are

23 required to wear.

24       52.   Plaintiff is likely to have evidentiary support,

25 after research and reasonable opportunity for further investigation

26 and discovery, to allege that at all times material to this action,

27 defendants' conduct has injured the interests of plaintiffs and the

28 general public in that:

COMPLAINT FOR DAMAGES, RESTITUTION,
AND OTHER INJUNCTIVE AND EQUITABLE RELIEF

a.      Defendants have failed to pay all compensation due
for regular hours of work and statutory overtime premium
wages;

b.      Defendants have wrongfully deducted money from pay
checks for maintenance of unifroms;

c.      Each member of the general public who has been or is
furnishing services of a construction worker and driver, and
attempting to do so in honest compliance with applicable state
and federal wage and tax laws (including the laws violated by
the defendants) is at an unfair competitive disadvantage as a
result of the defendants' conduct.

d.      Pursuant to Business and Professions Code, §§ 17071
and 17075, the failure of defendants, and each of them, to
pay regular and overtime wages and employment taxes is
admissible as evidence of defendants' intent to violate
the California Unfair Practices Act.

e.      At all times material to this action, defendants'
conduct results in economic loss to workers such as the
plaintiffs, former, current, and future similarly-affected
employees of defendants; and to current and future
employees of defendants' competing construction service
providers who attempt to comply with wage and tax laws.

53.    At all times material to this action, defendants'
conduct described above is an unfair business practice in violation
of California Business & Professions Code, §§ 17200, et seq.

54.    Plaintiffs are likely to have evidentiary support,
after research and reasonable opportunity for further investigation
and discovery to allege that as a direct and proximate result of

Page 14

COMPLAINT FOR DAMAGES, RESTITUTION,
AND OTHER INJUNCTIVE AND EQUITABLE RELIEF

1 these acts and omissions, the defendants, and each of them, were
2 able to unfairly compete with other construction service providers
3 in the State of California by not paying compensation for regular
4 hours or paying overtime and premium wages in violation of the Labor
5 Code and the Business and Professions Code or by deducting money
6 from pay checks to pay for uniform maintenance.  Due to these unfair
7 business practices, defendants have intentionally provided services
8 at prices below cost and at lower prices charged by other comparable
9 businesses doing business in the State of California.

10        55.   Plaintiffs are likely to have evidentiary support,
11 after research and reasonable opportunity for further investigation
12 and discovery to allege that defendants, and each of them, by
13 committing the above-described acts, have deceived the public by
14 illegally depriving its employees of regular and overtime wages, and
15 illegally deducting money to pay for uniform maintenance, thus
16 injuring its employees in the State of California.

17        56.   Pursuant to Business and Professions Code, §§ 17078
18 and 17079, plaintiffs, on behalf of themselves and the general
19 public, seek injunctive relief in the form of an order prohibiting
20 defendants from requiring employees to work without full
21 compensation for hours worked, or to work more than eight (8) hours
22 per day and more than forty (40) hours per week without overtime
23 pay, and which requires defendants to not deduct payment for uniform
24 maintenance.

25        57.   Pursuant to Business and Professions Code, § 17203
26 provides that the Court may restore to an aggrieved party any money
27 or property acquired by means of unlawful and unfair business
28 practices.   Prata v. Superior Court, 111 Cal.Rptr.2d 296 (Aug. 27,

COMPLAINT FOR DAMAGES, RESTITUTION,
AND OTHER INJUNCTIVE AND EQUITABLE RELIEF

1  2001), and Kraus v. Trinity Management Services, Inc., 23 Cal.4[th]
2  116 (2000.)    Under those cases this Court has the authority to
3  rectify the wrongful and illegal acts of defendants, and by an order
4  of the Court requiring defendants to restore to plaintiff and the
5  general public their wages and benefits of meal time and break time
6  that defendants have reaped through their unlawful and unfair
7  conduct described herein.    Plaintiffs seek restitution of all
8  unpaid wages owed to him and members of the general public
9  ("Represented Employees",) according to proof.

10         58.  As provided in Cortez v. Purolator Air Filtration
11  Products Company (2000) 23 Cal.4th 163 and Kraus v. Trinity
12  Management Services, Inc. (2000), 23 Cal.4[th] 116, plaintiffs and the
13  Represented Employees may receive injunctive relief under the Unfair
14  Competition Law in the form of the return of unpaid compensation for
15  regular hours or overtime compensation or for deductions wrongfully
16  taken, as an equitable remedy, because these forms of compensation
17  are the property of the Represented Employees which were wrongfully
18  retained by the employer.    Accordingly, plaintiffs seek restitution
19  of all unpaid wages and improper deductions owing to plaintiffs and
20  the Represented Employees, according to proof.

21         59.  Private enforcement of these rights is necessary, as
22  no other agency has raised a claim to protect these workers.    There
23  is a financial burden incurred in pursuing this action which would
24  be unjust to place on plaintiffs, because the burden of enforcing
25  workforce-wide rights is disproportionate to that of enforcing only
26  plaintiffs' individual claims; and plaintiffs are poor and are low-
27  income workers who cannot afford to spend part of plaintiffs' wages
28  on enforcing others' wage rights.    It would be against the interests

COMPLAINT FOR DAMAGES, RESTITUTION,
AND OTHER INJUNCTIVE AND EQUITABLE RELIEF

1 of justice to force payment of attorney fees from plaintiffs'

2 recovery in this action. Therefore, attorney fees are appropriate

3 and sought pursuant to California Labor Code, §§ 218.5 and/or 1194,

4 and the Code of Civil Procedure, § 1021.5.

5          60.  Enforcement of statutory provisions enacted to

6 protect workers and to ensure proper and prompt payment of wages due

7 employees is a fundamental public interest in California.

8 Consequently, plaintiffs' success in this action will result in the

9 enforcement of important rights affecting the public interest and

10 will confer a significant benefit upon the general public. Private

11 enforcement of the rights enumerated herein is necessary as no

12 public agency has pursued enforcement. Plaintiffs are incurring a

13 financial burden in pursuing this action and it would be against the

14 interest of justice to require the payment of any attorneys' fees

15 and costs from any recovery that might be obtained herein. As

16 prayed for below, Plaintiffs and their counsel are entitled to and

17 seek an award of attorney's fees and costs pursuant to Code of Civil

18 Procedure § 1021.5, Labor Code, §§ 218.5, and/or 1194, and other

19 applicable laws. Plaintiff seeks the remedies provided by those

20 statutes, including waiting time penalties, statutory interest,

21 reasonable attorneys' fees and costs, and statutory penalties in an

22 amount to be proven at trial.

23          61.  Defendants did not pay all unpaid compensation for

24 regular hours and overtime hours, and for deductions wrongfully

25 taken for uniform maintenance, due and owing to some Represented

26 Employees when said employees terminated their employment with

27 defendants. Each said terminated Represented Employee is owed

28 continued wages in as provided by Labor Code, § 203  in an amount to

COMPLAINT FOR DAMAGES, RESTITUTION,
AND OTHER INJUNCTIVE AND EQUITABLE RELIEF

1  be determined according to proof, calculated as thirty (30) days pay

2  in the amount of said Represented Employees most recent hourly rate

3  of pay multiplied by 240.

4          62.  Pursuant to Labor Code, §§ 218.5 and 218.6,

5  plaintiffs are entitled to statutory interest on the unpaid

6  compensation, and reasonable attorneys' fees and costs in an amount

7  to be proven at trial.

8      WHEREFORE, plaintiffs request relief as hereinafter provided.

9                    **PRAYER FOR RELIEF**

10     WHEREFORE, plaintiffs pray for judgment against defendants as

11 follows:

12          1.  For the first cause of action, compensatory damages

13 according to proof, representing the unpaid balance of regular hours

14 compensation and overtime compensation not paid to plaintiffs, and

15 statutory waiting time penalties to terminated plaintiffs, statutory

16 attorneys' fees and costs, statutory interest, and penalties for

17 record keeping violations under the Labor Code.

18          2.  For the second cause of action, compensatory damages

19 according to proof, representing the loss of wages deducted for

20 cleaning of uniforms, statutory attorneys' fees and costs, statutory

21 interest, and penalties for record keeping violations under the

22 Labor Code.

23          3.  For the third cause of action, to plaintiff and to the

24 Represented Employees, injunctive relief as restitution of unpaid

25 regular pay and overtime compensation pursuant to Business &

26 Professions Code, §§ 17203, and 17206, subd. b.;

27          4.  For the third cause of action, to plaintiff and to the

28 Represented Employees, injunctive relief as restitution of wages

COMPLAINT FOR DAMAGES, RESTITUTION,
AND OTHER INJUNCTIVE AND EQUITABLE RELIEF

1  deducted for cleaning of uniforms, pursuant to Business &

2  Professions Code, §§ 17203, and 17206, subd. b.;

3          5.   For the third cause of action, that the Court retain

4  jurisdiction over this matter until all matters are concluded;

5          6.   For the third cause of action, that the Court

6  establish a claims procedure to identify, locate and repay, under

7  its power to render injunctive relief, the full amount of regular

8  pay and overtime compensation not paid, and statutory penalties to

9  plaintiff and each of the Represented Employees;

10         7.   For the third cause of action, a preliminary and

11  permanent injunction against defendants,  restraining them from

12  violating the Labor Code now and in the future;

13         8.   For the third cause of action, waiting time penalties,

14  attorney's fees and costs of suit, record keeping penalties, and

15  interest pursuant to the Labor Code, and Code of Civil Procedure, §

16  1021.5;

17         9.   For any other and further relief that the Court deems

18  just and proper.

19  //

20  Dated: 07-18-2003          LAW OFFICE OF ALEXANDER G. van BROEK

21

22

23                              Alexander G. van Broek
                                Attorney for Plaintiffs RICHARD V. MARTINEZ
24                              and RUSS LUTZ

25

26

27

28

COMPLAINT FOR DAMAGES, RESTITUTION,
AND OTHER INJUNCTIVE AND EQUITABLE RELIEF

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

**JUL 18 2003**

CLERK OF THE SUPERIOR COURT
By Alphonsine Oates, Deputy

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
— Alexander G. van Broe.          103891
Law Office of Alexander G. van Broek
1 Kaiser Plaza, Suite 1750
Oakland, CA 94612-3613
TELEPHONE NO.: (510) 835-2322       FAX NO.: (510) 835-2333
ATTORNEY FOR (Name): Plaintiffs Richard Martinez, Russ Lu

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Southern Branch

CASE NAME: Martinez, et al. v. Penhall Company

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited  [ ] Limited | [ ] Counter  [ ] Joinder | RG03107270 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | JUDGE: |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | DEPT.: |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/WD tort (35) | [ ] Petition re: arbitration award (11) | |
| **Employment** | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [X] Other employment (15) | | |

2. This case [ ] is  [X] is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. [ ] Substantial post-judgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
   a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action *(specify)*: 3

5. This case [ ] is  [X] is not  a class action suit.

Date: July 18, 2003

Alexander G. van Broek
_____
(TYPE OR PRINT NAME)                    ▶  _____
                                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 201.8, 1800-1812; |
| Judicial Council of California | | Standards of Judicial Administration, § 19 |
| CM-010 [Rev. July 1, 2003] | | www.courtinfo.ca.gov |
| Martin Dean's Essential Forms™ | | |

Richard Martinez

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must check all five items on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)-Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice-
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
        *or wrongful eviction)*
    Contract/Warranty Breach-Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case-Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or*
    *Residential.)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ-Administrative Mandamus
    Writ-Mandamus on Limited Court
      Case Matter
    Writ-Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Office Order
    Notice of Appeal-Labor
      Commissioner Appeals

**Provisionally Complex Civil
Litigation (Cal. Rules of Court Rule
1800-1812)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Toxic Tort/Environmental (30)
  Insurance Coverage Claims
    *(arising from provisionally*
    *complex case type listed above)*
    (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Tax
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)*
    (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

Richard Martinez

| Short Title: | Case Number: |
|---|---|
| Martinez, et al. v. Penhall Company | |

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

☐ Oakland, Rene C. Davidson Alameda County Courthouse (446)

[X] Hayward Hall of Justice (447)

☐ Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | |
|---|---|---|---|
| Auto Tort | Auto tort (22) | ☐ | 34 Auto tort (G) |
| | | | Is this an uninsured motorist case? ☐ yes ☐ no |
| Other PI/PD/ WD Tort | Asbestos (04) | ☐ | 75 Asbestos (D) |
| | Product liability (24) | ☐ | 89 Product liability ( not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | ☐ | 97 Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | ☐ | 33 Other PI/PD/WD tort (G) |
| Non - PI/PD/ WD Tort | Bus tort / unfair bus. practice (07) | ☐ | 79 Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | ☐ | 80 Civil rights (G) |
| | Defamation (13) | ☐ | 84 Defamation (G) |
| | Fraud (16) | ☐ | 24 Fraud (G) |
| | Intellectual property (19) | ☐ | 87 Intellectual property (G) |
| | Professional negligence (25) | ☐ | 59 Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | ☐ | 03 Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | ☐ | 38 Wrongful termination (G) |
| | Other employment (15) | [X] | 85 Other employment (G) |
| | | ☐ | 53 Labor comm award confirmation |
| | | ☐ | 54 Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | ☐ | 04 Breach contract / Wrnty (G) |
| | Collections (09) | ☐ | 81 Collections (G) |
| | Insurance coverage (18) | ☐ | 86 Ins. coverage - non-complex (G) |
| | Other contract (37) | ☐ | 98 Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | ☐ | 18 Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | ☐ | 17 Wrongful eviction (G) |
| | Other real property (26) | ☐ | 36 Other real property (G) |
| Unlawful Detainer | Commercial (31) | ☐ | 94 Unlawful Detainer - commercial — Is the deft. in possession of the property? |
| | Residential (32) | ☐ | 47 Unlawful Detainer - residential ☐ Yes ☐ No |
| | Drugs (38) | ☐ | 21 Unlawful detainer - drugs |
| Judicial Review | Asset forfeiture (05) | ☐ | 41 Asset forfeiture |
| | Petition re: arbitration award (11) | ☐ | 62 Pet. re: arbitration award |
| | Writ of Mandate (02) | ☐ | 49 Writ of mandate |
| | | | Is this a CEQA action (Publ,Res,Code section 21000 et seq) ☐ Yes ☐ No |
| | Other judicial review (39) | ☐ | 64 Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | ☐ | 77 Antitrust / Trade regulation |
| | Construction defect (10) | ☐ | 82 Construction defect |
| | Claims involving mass tort (40) | ☐ | 78 Claims involving mass tort |
| | Securities litigation (28) | ☐ | 91 Securities litigation |
| | Toxic tort / Environmental (30) | ☐ | 93 Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | ☐ | 95 Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | ☐ | 19 Enforcement of judgment |
| | | ☐ | 08 Confession of judgment |
| Misc Complaint | RICO (27) | ☐ | 90 RICO (G) |
| | Partnership / Corp. governance (21) | ☐ | 88 Partnership / Corp. governance (G) |
| | Other complaint (42) | ☐ | 68 All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | ☐ | 06 Change of name |
| | | ☐ | 69 Other petition |

Richard Martinez

TRANSMISSION VERIFICATION REPORT

AUG-12-03 08:19 ID:7147788437 PENHALL COMPANY

| JOB NUMBER | | 477 |
|---|---|---|
| INFORMATION CODE | | OK |
| TELEPHONE NUMBER | 15108356666 | |
| NAME(ID NUMBER) | +5108356666 | |
| START TIME | AUG-12-03 08:10 | |
| PAGES TRANSMITTED | 025 | TRANSMISSION MODE | EMMR |
| RESOLUTION | STD | REDIALING TIMES | 00 |
| SECURITY | OFF | MAILBOX | OFF |
| MACHINE ENGAGED | 09'04 | | |

THIS TRANSMISSION IS COMPLETED.

LAST SUCCESSFUL PAGE 025



COMPANY

## FAX COVER SHEET



TO: Raymond Dreese

COMPANY: Burnham Brown

FAX #: 510 - 835 - 6666

NO. OF PAGES: 25    DATE: 8/12/03
(Includes Cover Sheet)

EQUIPMENT AND SERVICES TO MEET YOUR NEEDS!
CONCRETE SAWING • CORE DRILLING • COMPRESSORS • BOBCAT
GROOVING/GRINDING • EXCAVATORS
BACKHOES/HYRAM • HYDRA HAMMER • DEMOLITION

714-578-5232 DIRECT

This FAX sent by Bob Norling    from the following Penhall Company office:

| | FAX # | PHONE # |
|---|---|---|
| Anaheim | (714) 999-1715 | (714) 772-6450 |
| Anaheim Corp. Accounting | (714) 778-0194 | (714) 772-6450 |
| Anaheim Corp. Office | (714) 778-6457 | (714) 772-6450 |
| Anaheim Credit | (714) 778-6757 | (714) 772-6450 |
| Anaheim Estimating | (714) 778-4193 | (714) 772-6450 |
| Austell, GA | (770) 941-0507 | (770) 941-3401 |
| Austin, TX | (512) 385-3100 | (512) 385-3500 |
| Bakersfield | (661) 832-2086 | (661) 832-1155 |
| Burbank | (818) 562-1225 | (818) 562-1250 |
| Camarillo | (805) 482-2324 | (805) 482-4834 |
| Charlotte, NC | (704) 333-3245 | (704) 332-0654 |
| Columbia, SC | (803) 765-0943 | (803) 765-0038 |
| Colonial Heights, VA | (804) 520-5322 | (804) 520-1260 |
| Denver, CO | (303) 288-0037 | (303) 934-3500 |
| Fresno | (559) 266-3059 | (559) 266-3060 |
| Gardena | (310) 515-6982 | (310) 225-6600 |
| Golden Valley, MN (Fresno) | (763) 545-1141 | (763) 542-9999 |
| Grapevine, TX (Dallas) | (817) 251-0321 | (817) 416-1846 |
| Greensboro, NC | (336) 294-9636 | (336) 294-0249 |
| Greenville, SC | (864) 288-3528 | (864) 23-0602 |
| Irvine | (949) 551-2960 | (949) 654-4060 |
| Irvine (Rentals) | (949) 552-0426 | (949) 552-0151 |

| | FAX # | PHONE # |
|---|---|---|
| Kansas City, MO (rental) | (816) 926-9014 | (816) 926-9120 |
| Lancaster, NY | (716) 683-6100 | (716) 683-5200 |
| Las Vegas, NV | (702) 736-5099 | (702) 736-6033 |
| Manana, AZ | (520) 797-6765 | (520) 297-9766 |
| Morrisville, NC (Raleigh) | (919) 859-6064 | (919) 859-9911 |
| No. Charleston, SC | (843) 767-2707 | (843) 767-1881 |
| Phoenix, AZ | (602) 437-9710 | (480) 967-6029 |
| Portland, OR | (503) 253-9011 | (503) 253-9500 |
| Reno, NV | (775) 786-8275 | (775) 786-8496 |
| Riverside | (909) 360-4060 | (909) 360-2800 |
| Riverside (Rentals) | (909) 369-6370 | (909) 369-2820 |
| Rogers, MN (Highway Svcs.) | (763) 428-2245 | (763) 428-2244 |
| Sacramento | (916) 386-0352 | (916) 386-1589 |
| Salt Lake City, UT | (801) 355-9790 | (801) 355-7364 |
| San Diego | (858) 550-1120 | (858) 550-1111 |
| San Leandro | (510) 357-6817 | (510) 357-8810 |
| Santa Clara | (408) 970-0343 | (408) 970-0494 |
| Seattle, WA | (206) 763-9206 | (206) 763-9200 |
| Superior, WI (Prospect) | (715) 394-6757 | (715) 394-8757 |
| Trussville, AL | (205) 651-0042 | (205) 651-0041 |
| Visalia (Bobcat Mach.) | (559) 627-0159 | (559) 627-6788 |
| Wilmington, NC | (910) 392-8014 | (910) 392-7909 |

MESSAGE: Here's the complaint (w/o the ADR part) as background
for our discussion. When would work for a conf. call?

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE
### Effective July 2, 2001

---

## Instructions to Plaintiff / Cross-Complainant

> In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff is required to serve a copy of this ADR information package on each defendant.

California Rules of Court. Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the complaint, an Alternative Dispute Resolution (ADR) information package that includes, at a minimum, all of the following:

    (1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes . . . .

    (2) Information about the ADR programs available in that court . . .

    (3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA . . .

    (4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) Court may make package available on Web site . . . .

(c) The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.

# GENERAL INFORMATION ABOUT ADR

## Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

## Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Program (Mediation) in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your county's small claims court legal advisor.** You can find a list of small claims legal advisors for most counties in the Small Claims Court section of this Self-Help Center.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."**

- **Automotive Repair, Smog Check:** The California Bureau of Automotive Repair (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Burglar Alarm Companies, Cemetery/Funeral, Electronic and Appliance Repair, Firearms/Baton Training Facilities/Instructors, Home Furnishings and Thermal Insulation, Locksmith Companies, Private Investigators, Private Patrol Operators, Repossession Agencies, Security Guards:** The California Department of Consumer Affairs offers a complaint mediation program for all consumer complaints filed against California businesses regulated in the areas of: cemetery and funeral, electronic and appliance repair, home furnishings and thermal insulation, and security and investigative services. Learn more at http://www.complainthelp.dca.ca.gov or call 800-952-5210.

- **Attorney Fees:** The State Bar of California administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

# DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Alameda County Bar Association, ADR Placement Service**
360 22nd Street, Suite 800, Oakland, CA 94612
Phone:893-7160
Provides civil dispute resolution alternatives countywide, offering disputants the opportunity to select an alternative dispute resolution (ADR) provider from a pool of experienced professionals. Program recruits, trains, and evaluates qualified ADR providers, places civil cases with ADR providers for resolution and settlement, and educates local citizens, consumer groups, businesses, schools, lawyers, and judges on the benefits of ADR.

**Mediation Resolution Services**
22227 Redwood Road, Castro Valley, CA 94546
Phone:733-4940
Provides mediation for neighbor-to-neighbor disputes in Central and South County, receiving and responding to referrals from the courts, schools, organizations and public protection providers to help resolve disputes between neighbors, students, tenants and landlords, merchants and consumers, and employees and employers.

**Berkeley Dispute Resolution Service**
1769 Alcatraz Avenue, Berkeley, CA 94703
Phone:428-1811
Services the Berkeley-Albany area. Provides mediation between neighbors, roommates, family members, business partners, etc. Mediates construction permit disputes referred from administrative hearings and works collaboratively with law enforcement, schools and the judicial system.

**Conciliation Forums of Oakland**
1222 Preservation Park Way, Oakland, CA 94612
Phone:763-2117
Provides services in Oakland-Piedmont-Emeryville, Alameda, Berkeley-Albany, San Leandro, Hayward and Castro Valley. Services include educating the public about the fundamentals of conflict resolution, referring individuals to other social service agencies, and distributing a training manual on conflict resolution. Multi-lingual services provided.

**Catholic Charities, Victim Offender Reconciliation Program (VORP)**
433 Jefferson Street, Oakland, CA 94607
Phone:768-3100
Program mediators facilitate an intensive intervention for victims and juvenile offenders referred by the Probation Department. Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Phone:(925)373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**Arts Arbitration and Mediation Services**
Fort Mason Center C-255, San Francisco, CA 94123
Phone:(415)775-7200 x764
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution. It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.